Battle, J.
 

 Two of the objections made by the prisoner on his trial, and set forth by him in his bill of exceptions, have been properly abandoned by his counsel in the argument before us, and we shall not give them any further notice. The only objection upon which the counsel now relies is thus stated, “several of the names of the jurors were placed in the hat to be drawn, the surnames written in full, and the Christian names represented by the initials : no objection was made to this, as the names were placed in the hat. When these names were drawn from the hat, to be tendered to the prisoner, his counsel objected that the Christian names were not written in full, and therefore these persons could not be permitted to serve on the jury. The Court overruled the objection, and the defendant excepted.” We are unable to perceive any force in the objection. The prisoner was not, by our law, entitled to a copy of the panel of the jurors summoned. He had no right to have the names of the jurors shown to him, or read to him, until they were called into the Court for the purpose of being drawn1 and tendered. He could then see the jurors themselves, and could not be mistaken as to their identity. Had he demanded, or requested, that the Christian names should be called in full, instead of their initial
 
 *311
 
 letters, the Court -would, no doubt, have so ordered. But in the absence of any such demand or request, his objection to the initials could not avail him, because it did not appear that he was deceived as to the persons, or was at all prejudiced by the names not being written in full. The cases in England, where exceptions, taken in apt time to jurors, on account of variance in names, were sustained, were determined upon the effect of statutes which have no application to a case like the present. See Joy on Jurors (40 Law Lib. 102-178.) The objection was therefore properly overruled, and as we do not discover any error in the record, it mnst be so certified to the Court below, to the end that the sentence of the law may be pronounced upon the prisoner.
 

 Peb Cueiam, Judgment affirmed. •'